**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LaRUE DRINKWATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-371-M |
| | ) |
| MICHAEL B. MUKASEY, | ) |
| Attorney General, UNITED STATES | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is defendant Attorney General's Motion to Dismiss with Brief [docket no. 7], filed August 22, 2008. On September 10, 2008, plaintiff filed his response, and on September 19, 2008, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND[1]

Plaintiff is a former Correctional Officer employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP") at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC Oklahoma"). On or about May 10, 2005, plaintiff suffered an occupational injury to his right shoulder and reported his occupational injury to his superiors. Plaintiff requested a light duty position to accommodate his injury. Plaintiff alleges that defendant refused to accommodate his work restrictions by assigning plaintiff duties requiring inmate contact violating his restrictions. Plaintiff's request for a 24-hour key to reduce inmate contact in order to work at the position was further denied.

---

[1] The background is taken from allegations presented in the Amended Complaint.

On or about February 8, 2006, plaintiff's treating physician removed plaintiff from work and sent defendant a notice of off duty/temporary total disability status. That same day, defendant placed plaintiff on leave. In March 2006, defendant ordered plaintiff to return to work or face termination, and plaintiff returned to work in a light duty capacity with copies of his physician-imposed work restrictions of light duty and no inmate contact. Plaintiff, once again, requested a 24-hour key to reduce direct inmate contact, and purportedly, defendant denied his request by assigning him duties involving direct inmate contact. On or about April 26, 2006, plaintiff's treating physician again removed plaintiff from work, invoking a temporary total disability status in his worker's compensation claim.

On or about April 7, 2006, plaintiff applied for open positions of GS-8 Senior Officer Specialist. Although plaintiff made the Best Qualified list and was more experienced and senior than those selected, he was not offered the position.[2] On or about June 1, 2006, plaintiff filed an Equal Employment Opportunity ("EEO") discrimination complaint against defendant based upon his
African American race and physical disability status.

The EEO discrimination complaint was assigned to an investigator who, at the investigatory stage, arranged settlement negotiations between the parties and their representatives. On or about November 9, 2006, plaintiff accepted defendant's offer to settle his EEO claim and later executed a settlement agreement memorializing the terms of the settlement previously reached. Plaintiff alleges, however, that defendant's representative "changed his mind" and would not sign or fulfill the terms of the settlement.

---

[2]Plaintiff had unsuccessfully applied for the same position many times in the past years.

Plaintiff asserts that he relied upon the settlement by not seeking or inquiring for any additional employment opportunities within his restrictions causing him to remain on temporary total disability. Further, defendant did not reinstate, assign or offer to plaintiff any employment opportunities, full or light duty. On or about September 18, 2007, however, defendant terminated plaintiff for being absent from work while on temporary total disability in his worker's compensation claim.

Plaintiff commenced this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, *et seq.*, and disability discrimination in violation of the American with Disabilities Act of 1990, as well as violations of various state statutory and common laws. Defendant now moves to dismiss plaintiff's claims for lack of jurisdiction, failure to state a claim and failure to exhaust administrative remedies.

II.    DISCUSSION

   A.    Subject Matter Jurisdiction

"[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress.... If an act can be performed by a [federal] court, it is because it was permitted and not because it was not prohibited by Congress. Federal courts operate only in the presence rather than the absence of statutory authority." *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). Jurisdictional challenges take two forms, one includes a facial attack on the allegations contained in the complaint, and the second is a factual challenge which may include affidavits, documents, and an evidentiary hearing. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

> Under 29 C.F.R. §1614.504(a), a federal sector employee-complainant is limited in his remedies when he alleges a breach of a Title VII agreement by a government agency.
>
> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

*Id.* at 1194.

In this case, defendant asserts that plaintiff has failed to invoke the Court's jurisdiction as to his claims of breach of contract and promissory estoppel related to the alleged settlement of his administrative claims. Specifically, defendant contends that the Title VII waiver of sovereign immunity does not extend to monetary claims or claims of specific performance against the government for breach of a settlement agreement to resolve a Title VII dispute. In response, plaintiff asserts that the Court has jurisdiction to enforce the settlement agreement. Specifically, plaintiff cites a myriad of cases that stand for the proposition that oral agreements in Title VII cases are enforceable. Plaintiff, however, does not address defendant's assertion that the Court lacks jurisdiction.

The Court, having reviewed the parties' submissions, finds that plaintiff has not met his burden of invoking the Court's jurisdiction. Clearly, the foregoing regulation does not permit plaintiff to sue in federal court to enforce his settlement agreement. Even if plaintiff followed the prescribed procedure by notifying the EEO Director of the alleged breach and requested specific enforcement, the "regulation does not authorize a suit to enforce the settlement agreement but rather only the reinstatement of the original discrimination complaint." *Id.* The EEOC, through 29 C.F.R.

§ 1614.504(a), has thus limited plaintiff to suing on his original discrimination claim and not to enforce his settlement agreement. The Court, therefore, lacks subject matter jurisdiction to hear plaintiff's breach of contract and promissory estoppel claims.

Accordingly, the Court grants the motion to dismiss at to plaintiff's breach of contract and promissory estoppel claims.

Plaintiff further alleges, without any caselaw support, violations of Oklahoma public policy, Okla. Stat. tit. 25, §1302, and the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, §5. However, "the Supreme Court has clearly stated that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997). As a result, the Court finds that Title VII preempts the state law claims based upon discrimination in federal employment. The Court, therefore, lacks jurisdiction to hear plaintiff's claims concerning the Oklahoma public policy exception and the Oklahoma Workers' Compensation Act.

Accordingly, the Court grants the motion to dismiss as to plaintiff's Oklahoma public policy and Oklahoma Workers' Compensation Act claims.

### B. Failure to Exhaust Administrative Remedies

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit in federal court under Title VII. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). An employee, who initiates administrative process but abandons it before it was completed, fails to exhaust his administrative remedies. *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993).

In this case, defendant seeks dismissal of plaintiff's race and disability discrimination claims

premised upon his non-selection for a higher level position and being placed on absence without leave ("AWOL"). Specifically, defendant asserts that plaintiff failed to exhaust his administrative remedies and abandoned his administrative claims altogether. Plaintiff asserts that he exhausted these claims because the decision on his appeal of the alleged settlement agreement to the Office of Federal Operations contained the standard language regarding appeal to federal court within 90 days.

Having reviewed the parties' submissions, the Court finds the Office of Federal Operations appeal had nothing to do with plaintiff's underlying administrative complaint, but rather only addressed the alleged settlement. In fact, the Office of Federal Operations appeal states "the agency is ordered to resume processing of complainant's underlying complaint from the point where processing ceased." Plaintiff's Response, Attachment 6 at 3. Further, the Court finds insufficient evidence to demonstrate that the agency made a determination on the underlying complaint. Therefore, the Court finds that plaintiff failed to exhaust administrative remedies at law in relation to his race and disability discrimination claims.

Accordingly, the Court grants the motion to dismiss as to plaintiff's race and disability discrimination claims.

C.     Failure to State a Claim

In his remaining claim, plaintiff alleges that he was subjected to improper retaliation for requesting a reasonable accommodation in the form of a light duty position and/or medical leave of absence.

"[An amended] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the

amended complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's amended complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's amended complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The ADA prohibits retaliation for protected conduct. *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007). "To establish a prima facie case of retaliation under the ADA, the employee must show (1) protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action." *Id* (internal quotation and citation omitted).[3]

Defendant asserts that to establish a disability, plaintiff must show he has a physical or mental, permanent and long term, impairment. While defendant concedes that a request for an accommodation can constitute protected activity, defendant contends plaintiff only requested temporary modifications based upon his alleged temporary disability and this does not constitute a protected activity. In response, plaintiff asserts that his claims of ADA retaliation do not concern or mention temporary disability.[4]

---

[3] The parties merely contest whether the first element of the prima facie case is met. Therefore, the Court will only review this element.

[4] Plaintiff asserts that his workers' compensation retaliation claim does refer to "temporary total disability," a phrase necessary to state a claim under that count.

The Court, having reviewed the parties' submissions and the Amended Complaint, finds that plaintiff has failed to state a claim of retaliation under the ADA. The Court would note that plaintiff's allegations under the ADA retaliation count incorporates by reference and re-alleges all preceding paragraphs presented in the Amended Complaint. Notably, in the "Request for Accommodations" section of the Amended Complaint, plaintiff references the term "temporary total disability." The Court finds this allegation and the non-existence of any other allegation insufficient to allege the existence of a permanent and/or long term disability. Therefore, the Court finds there is no legal disability upon which to allege a protected activity.

Accordingly, the Court grants the motion to dismiss as to the ADA retaliation claim.

III.   CONCLUSION

For the reasons set forth in detail above, the Court GRANTS the motion to dismiss in all respects.

**IT IS SO ORDERED this 24th day of February, 2009**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE